IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 1:03CR334-1 |
| | ) | |
| **SHARON DENISE HOGGARD,** | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **OASIS OUTSOURCING V, INC.,** | ) | |
| | ) | |
| Garnishee. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Review of the record in this matter shows that on September 7, 2000, Defendant Sharon Hoggard was convicted of fraud and related activity in connection with access devices in the Northern District of Illinois. She was sentenced to five months in prison, five months home confinement and ordered to pay $181,258 in restitution. The case was transferred to this Court on September 2, 2003. As of March 23, 2007, the sum of $6,190 has been credited to the judgment debt, leaving a total balance of $218,835, which includes principal in the amount of $175,068 and penalties in the amount of $43,767.

On March 28, 2007, the government filed an Application for Writ of Continuing Garnishment and on April 10, 2007, the Clerk issued a Writ of Continuing Garnishment against Defendant's wages with Garnishee, Oasis Outsourcing V, Inc.

On May 30, 2007, Defendant Hoggard was served with the Application, Notice and Writ of Garnishment. On May 31, 2007, she requested a hearing. (Pleading No. 7.)

Discussion

The United States has authority to enforce criminal judgments that include fines and restitution, using the post-judgment procedures found in the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. §§ 3203-06. The only property exempt from enforcement is property exempt from levy for federal taxes. *See* 18 U.S.C. § 3613(a)(1). In her request for hearing, Defendant Hoggard has not indicated any specific exemption that she is claiming. Instead, Defendant writes that she feels she does "not owe this large amount. [She] never received info on earning - bills falling behind - [she] need[s] a hearing ASAP." (Pleading No. 7.) Defendant does not claim that her wages are exempt from garnishment. Accordingly, a hearing in this matter is not appropriate or necessary where Defendant does not claim that a portion of her disposable earnings is not subject to garnishment.

Conclusion

For the reasons set forth above, **IT IS RECOMMENDED** that Defendant Hoggard's request for hearing be denied, and that there be issued an Order to Garnishee, ordering the

payment of $194.55, or twenty-five percent (25%) of Defendant's net earnings, retroactive to the date of the Writ of Continuing Garnishment, per pay period, to the government.

                                         /s/ P. Trevor Sharp
                                      United States Magistrate Judge

Date: July 9, 2007